UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Matthew Fairbanks, Michael McCauley, Jason Damman, James Bigham, John Quarnstrom, and Andrew Graham as Trustees of the Sheet Metal Local #10 Control Board Trust Fund, and the Sheet Metal Local #10 Control Board Trust Fund,

    Plaintiffs,

vs.

MAG Mechanical L.L.C.,

    Defendant.

_____

Civil File No. _____

**COMPLAINT**

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. The Plaintiffs are Matthew Fairbanks, Michael McCauley, Jason Damman, James Bigham, John Quarnstrom, and Andrew Graham, as Trustees of the Sheet Metal Local #10 Control Board Trust Fund and the Sheet Metal Local #10 Control Board Trust Fund ("Control Board").

2. As set forth in its Trust document, the Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various labor agreements as the entity to, amongst other things, accept and distribute contributions to the employee benefit plans specified in the labor agreements. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor agreements.

3. The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The employee benefit plans are administered in accordance with the provisions of the ERISA, as amended 29 U.S.C. § 1001, et seq. and are exempt from federal income taxation pursuant to Internal Revenue Code.

4. Defendant MAG Mechanical L.L.C is a Minnesota business corporation with the registered address of 3210 18th Ave South, Minneapolis, Minnesota 55407. Defendant is an employer within the meaning of ERISA § (3)(5), 29 U.S.C. § 1002(5).

5. This is an action by fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6. The Control Board is located in Ramsey County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

7. The Control Board re-alleges and incorporates by reference paragraphs 1-6 herein.

8. In February 2012, Defendant designated the Commercial and Industrial Sheet Metal Subdivision of the Sheet Metal, Air Conditioning, & Roofing Contractors' Association of Minnesota, North Dakota & South Dakota, Inc. ("SMARCA") as its exclusive bargaining agent for labor negotiations with Local Union No. 10.  To date, Defendant has not revoked this designation.

9. Pursuant to this designation of bargaining authority, Defendant agreed to be bound by any and all actions taken by the designated negotiating committee and/or the SMARCA concerning or arising out of the negotiations with the Local Union No 10.

10. Also pursuant to this designation, Defendant agreed that it would honor, abide by, and be bound by, any contracts(s) agreed to and entered into by and between the negotiating committee of SMARCA and Local Union No. 10 and that with respect to those contract(s) Defendant agreed that it shall be considered, for all purposes, to be a party to that agreement just as if it had executed the contract itself.

11. As a result of the designation of bargaining authority, Defendant is bound to the collective bargaining agreements negotiated between the Commercial Subdivision of SMARCA and Local Union No. 10 Metro Area, covering the periods of May 6, 2014 through April 30, 2017, and May 1, 2017 through April 30, 2020 ("CBAs").

12. Defendant is bound to the CBAs through at least April 30, 2021.

13. The CBAs require Defendant to submit contributions to pension and retirement, health and welfare, vacation, industry and training funds in the amount per hour specified in the CBA for each hour worked by its employees covered by the CBAs.

14. The CBAs incorporate by reference the Agreements and Declarations of Trust ("Trust Agreements") for the benefit funds to which Defendant is required to submit contributions to.

15. The CBAs require Defendant to set forth the amount due and owing for contributions on a report form to be submitted to the Control Board with Defendant's monthly payment.

16. The CBAs and the Trust Agreements require Defendant to submit the reports and payments to the Control Board by specific dates and provide that any employer whose report and contributions are not received by the Control Board by the specified due date is delinquent.

17. The CBAs further provide that failure to make the required benefit payments in full, when and as due, constitutes a breach of contract on the part of Defendant.

18. The CBAs and Trust Agreements require Defendant to make available any and all records of its covered employees that may be required in connection with the sound and efficient operation of the benefit funds.

19. The CBAs and the Trust Agreements state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

20.  The CBAs and Trust Agreements state that a delinquent employer must pay interest charges on delinquent contributions computed at the rate prescribed by § 6621 if the Internal Revenue Code.

21.  The CBAs and Trust Agreements state that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer.  Likewise, the Trust Agreements state that the reasonable costs incurred by the Control Board in collecting or attempting to collect delinquent contributions shall also be paid by the delinquent employer.

22.  The CBAs prohibit Defendant from subcontracting any work covered by the CBAs unless the subcontracted employer is signatory to the CBAs or a related CBA.

23.  29 U.S.C. § 1059 requires employers such as Defendant to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

24.  If Defendant fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Defendant is liable for all the hours worked by that individual for whom Defendant is unable to produce satisfactory records verifying the type of work being performed by that individual.

## COUNT I
## Breach of Contract /Failure to Remit Contributions-Report Amount Due Under ERISA and the LMRA

25.  The Control Board re-alleges and incorporates by reference paragraphs 1-24 herein.

26. Defendant breached the terms of the CBAs by failing to submit all of the contributions due and owing for the months of February and March 2020.

27. Pursuant to the report submitted by submitted by Defendant for the months of February and March 2020 $8,048.69 remains due and owing for contributions.

28. Defendant is liable to the Control Board for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Defendant is unable to produce satisfactory records verifying the type of work performed by any such individuals.

29. Upon information and belief, after March 31, 2020, Defendant continued to employ individuals performing work covered by the CBAs.

30. Every month, until this matter is resolved either through dismissal or judgment, Defendant will be obligated to remit the fund report forms as described above as required by the CBAs and will be required to remit payment for the benefit contributions due pursuant to the hours disclosed.

31. If Defendant fails to remit contribution report forms on the 15th day of the month following the month in which work was performed during the pendency of this litigation, the Control Board will not have an adequate means of verifying the proper amounts due and owing to the Control Board, nor will the Control Board have adequate means of ascertaining the proper allocation of such contributions to Defendant's employees.

32. In the absence of this Court's order as requested, the Control Board is without adequate remedy at law and will be subject to irreparable harm.

33. Defendant should be enjoined from further refusal and failure to remit reports and contributions.

34. Pursuant to the CBAs and Trust Agreements, Defendant is liable to the Control Board for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Control Board in enforcing their rights and collecting the amounts due.

35. Pursuant to the CBAs and Trust Agreements, Defendant is liable to the Control Board for interest on the unpaid contributions and liquidated damages in the amount of twenty percent of the unpaid contributions due and owing for the months of February and March 2020 and any other month that becomes due and owing during the pendency of this litigation.

## COUNT II
### Breach of Contract /Right to Audit Under ERISA and the LMRA

36. The Control Board re-alleges and incorporates by reference paragraphs 1-35 herein.

37. The Control Board requested that Defendant produce a complete set of their payroll and employment records as specified in the CBAs and Trust Agreements for the period of January 1, 2017 through the present ("Audit Period").

38. Defendant breached the terms of the CBAs and Trust Agreements by failing and refusing to produce all requested records for the Audit Period.

39. Upon information and belief, Defendant employed individuals during the Audit Period on whose behalf accurate reports and contributions are due and owing.

40. Unless Defendant is ordered to specifically perform the obligation to produce the records and permit the audit and is enjoined from further obstruction of such procedure, the Control Board will have no means of verifying the proper amounts due and owing to them, nor will the Control Board have adequate means of ascertaining the proper allocation of such contributions to Defendant's employees pursuant to ERISA, the CBAs, and Trust Agreements.

41. In the absence of this court's order as requested, the Control Board without adequate remedy at law and will be subject to irreparable harm.

42. Defendant should be enjoined from further refusal and failure to allow the Funds' authorized agent access to their relevant records pursuant to the CBAs, Trust Agreements, and ERISA.

43. Defendant is liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Defendant is unable to produce satisfactory records verifying the type of work performed by any such individuals.

44. Pursuant to the CBA and Trust Agreements, Defendant is liable to the Control Board for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Control Board in enforcing their rights, and collecting the amounts due.

45. Pursuant to the CBA and Trust Agreements, Defendant is liable to the Control Board for interest on the unpaid contributions and liquidated damages in the amount of twenty percent of the unpaid contributions discovered to be due and owing pursuant to the audit.

## COUNT III
## ERISA Damages

46. The Control Board re-alleges and incorporates by reference paragraphs 1-45 herein.

47. The Control Board is entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

48. The Control Board is entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

49. The Control Board is entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment of this Court against the Defendant as follows:

1. For judgment in the amount of $8,048.69 for contributions for the months of February and March 2020.

2. For an order requiring the Defendant to submit to Plaintiffs all remittance reports which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees.

3. For judgment for amounts to be proven at trial for delinquent contributions shown to be owing pursuant to those calculations, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4. For an Order adjudging that the Defendant is required to forthwith produce for inspection and audit for the period of January 1, 2017 through the present any records reasonably deemed necessary to the performance of such audit.

5. For an Order adjudging that the Defendant is enjoined from further failure or refusal to produce such records and to permit such inspection, and from further obstruction of Plaintiffs' auditing procedures during the term of the CBAs.

6. For judgment against the Defendant for all unpaid benefit contributions discovered to be due pursuant to the audit plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

7. For an award of costs, disbursements and attorney fees according to law.

8. Such other and future relief as the Court deems just, equitable or proper.

Date: May 1, 2020                     MCGRANN SHEA CARNIVAL
                                      STRAUGHN & LAMB, CHARTERED


                                      By  s/ Amy L. Court
                                          Carl S. Wosmek #300731
                                          Amy L. Court #319004
                                          Christy E. Lawrie # 388832
                                      800 Nicollet Mall, Suite 2600
                                      Minneapolis, MN 55402
                                      Telephone: (612) 338-2525
                                      csw@mcgrannshea.com
                                      alc@mcgrannshea.com
                                      cel@mcgrannshea.com

                                      *Attorney for Plaintiffs*

1205898.DOCX